UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARTHA ALMQUIST,

        Plaintiff,

vs.

NATIONSTAR MORTGAGE, LLC,

        Defendant.

_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, MARTHA ALMQUIST, by and through undersigned counsel, and brings this action against the Defendant, NATIONSTAR MORTGAGE, LLC ("NATIONSTAR"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of TILA and RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulation.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for Defendant's failure to comply with Section 2605(k) of RESPA and 1024.36 of Regulation X.

TL-9126

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because Plaintiff resides in Palm Beach County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, Defendant, NATIONSTAR was and is a foreign corporation, incorporated under the laws of the State of Delaware; duly licensed to transact business in the State of Florida, has a principal address of 350 Highland Drive, Lewisville, TX 75067, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

8. At all times material hereto, Plaintiff was and is a resident of Palm Beach County, Florida, and owns a home, in Palm Beach County.

9. At some point in time prior to the violations alleged herein, NATIONSTAR was hired to service the subject loan.

10. At all times material hereto, NATIONSTAR, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation owned by NATIONSTAR and secured by a mortgage upon Plaintiff's property, located at 23374 Liberty Bell Terrace, Boca Raton, Florida 33433.

*TL-9126*

## BACKGROUND AND GENERAL ALLEGATIONS

11. On or about February 15, 2007, Plaintiff entered into an adjustable rate promissory note agreement with American Brokers Conduit (the "Note").

12. The Note was secured by a mortgage on Plaintiff's property located at 23374 Liberty Bell Terrace, Boca Raton, Florida 33433, in favor of Mortgage Electronic Registration Systems, Inc. (the "Mortgage").

13. Plaintiff's property is a residential structure containing one to four family housing units.

14. The Note signed by Plaintiff in connection with the Mortgage serviced by NATIONSTAR is a consumer credit transaction within the meaning of, and subject to, TILA.

15. The mortgage loan in question is a "residential mortgage transaction" as defined in 15 U.S.C. § 1602(x).

16. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

17. On or around December 2011, a foreclosure action was filed against Plaintiff in Palm Beach County, Florida, bearing Case No. 502011CA019055XXXXMB (the "Foreclosure").

18. After being served with the Foreclosure papers, Plaintiff retained Loan Lawyers, LLC, ("Loan Lawyers") to fight to save her home.

19. Given that Plaintiff has owned and lived in her home since 2007, Plaintiff was eager to pursue every available remedy and protection afforded to her by Congress or otherwise.

20. The status of the foreclosure process in the State of Florida has deteriorated to such an extent that even the Supreme Court of Florida could not ignore the unfortunate situation.

Pino v. Bank of New York, 121 So. 3d 23, 30 (Fla. 2013) (*quoting* Pino v. Bank of New York Mellon, 57 So.3d 950, 954 (Fla. 4th DCA 2011) ("many, many mortgage foreclosures appear[ed] [to be] tainted with suspect documents").

21. Additionally, the CFPB has acknowledged that, "There is evidence that borrowers [have been] subjected to improper fees that servicers had no reasonable basis to impose, improper force-placed insurance practices, and improper foreclosure and bankruptcy practices." *78 Fed. Reg. 10902, 10906* (Feb. 14, 2013)(emphasis added).

22. Plaintiff had legitimate concerns about specific charges that were being added to her account.

23. In an effort to utilize the protections afforded to consumers by Congress, on or about March 6, 2014, Loan Lawyers—on behalf of Plaintiff—mailed to NATIONSTAR a written request for information pursuant to Regulation X ("Plaintiff's RFI"). NATIONSTAR received Plaintiff's RFI on or about March 11, 2014.

24. A true and correct copy of same is attached as Exhibit "A".

25. Plaintiff's RFI asked NATIONSTAR to provide information regarding $4,326.00 in "Legal Fees" and $390.00 in "Property Inspections" listed on a December 18, 2013, mortgage statement.

26. Specifically, Plaintiff sought a detailed explanation of the charges, the basis for each charge, the date of accrual, and documentation that supports or evidences the charges.

27. Plaintiff was concerned at the amount of property inspections fees being charged to her account in light of the fact that she has been living at the property since the inception of the loan and has maintained the property and has not committed waste.

28. NATIONSTAR, was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c).

29. NATIONSTAR, was obligated to provide a written response to Plaintiff's information requests within thirty (30) business days, which included the requested information or stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". *See* 12 C.F.R. § 1024.36(d).

30. On April 15, 2014, NATIONSTAR responded to Plaintiff's RFI.

31. A true and correct copy of same is attached hereto as Exhibit "B".

32. NATIONSTAR's response was boilerplate and did not address any of Plaintiff's requests for information.

33. Instead, NATIONSTAR attached what purports to be a transaction history, as a veiled attempt to satisfy Plaintiff's RFI. *See Exhibit "B"*.

34. The transaction history is of no consequence to Plaintiff because it fails to address Plaintiff's specific inquiries regarding the "Legal Fees" and "Property Inspections".

35. The terms "Legal Fees" and "Property Inspections" are not found anywhere on the transaction history, and even if they were, the transaction history surely cannot satisfy Plaintiff's specific requests for the basis of the charges, the date of accrual, and documentation to support the charges.

36. In an attempt to amicably resolve the above issues, Plaintiff's counsel sent NATIONSTAR, through its counsel, a letter informing NATIONSTAR that its response was inadequate. The letter provided NATIONSTAR with an additional two weeks to supplement its response to comply with the law. Plaintiff's counsel even informed Defendant's counsel that if additional time was needed to respond to Plaintiff's RFI, additional time may be requested.

*TL-9126*

37. A true and correct copy of the letter is attached hereto as Exhibit "C".

38. Plaintiff never received a supplemental response thereafter.

39. As such, NATIONSTAR has failed or refused to comply with 12 C.F.R. § 1024.36(d)(1).

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

40. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 39.

41. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

42. Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

*TL-9126*

43. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

44. NATIONSTAR has failed to or refused to comply with 12 C.F.R. § 1024.36(d)(1) in that NATIONSTAR failed to provide a proper response to a request for information.

45. As such, NATIONSTAR has violated 12 U.S.C. § 2605(k)(1)(E).

46. Plaintiff attempted to amicably resolve the above-issues prior to the filing of this lawsuit. *See* Exhibit "C".

47. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

48. Plaintiff is entitled to actual damages as a result of Defendant, NATIONSTAR's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to NATIONSTAR's failure to adequately respond to Plaintiff's RFI. *See* Marais v. Chase Home Finance, LLC, 736 F.3d 711, 721 (6th Cir. 2013)(the court finding that expenses became actual damages when servicer ignored its statutory duties); Soriano v. Countrywide Home Loans, Inc., Case No. 09-CV-02415-LHK (N.D. Ca. 2011)(the court finding that actual damages include attorney's fees incurred when attorney sent follow-up correspondence for deficient QWR response); Cortez v. Keystone Bank, Inc., 2000 WL 536666, *12 (E.D. Pa. 2000)(the court finding that actual damages encompass compensation for pecuniary loss); Rawlings v. Dovenmuehle Mortg., Inc., 64

*TL-9126*

F.Supp.2d 1156, 1164 (M.D. Ala. 1999)(the court finding that actual damages include costs for correspondence and travel).

49. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of NATIONSTAR's pattern or practice of noncompliance with Regulation X and RESPA.

50. Plaintiff's counsel can demonstrate numerous correspondences sent to NATIONSTAR, relating to other clients under the applicable statutes, in which NATIONSTAR failed to adequately respond as required by law.

51. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, MARTHA ALMQUIST, respectfully asks this Court to enter an order granting judgment for the following:

(a) That NATIONSTAR be required to provide the information requested in Plaintiff's RFI;

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

*TL-9126*

## DEMAND FOR JURY TRIAL

Plaintiff, MARTHA ALMQUIST, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

 /s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone:     (954) 523-4357
Facsimile:      (954) 581-2786

*TL-9126*